IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY SCOTT JOHNSON,

    Petitioner,                    No. CIV S-10-0371 DAD P

    vs.

RICHARD B. IVES, Warden,

    Respondent.              ORDER

_____/

        Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that he is entitled to a credit against his federal sentence for time served in a state correctional facility. Following the issuance of an order to show cause on October 27, 2010, respondent filed an answer to the petition on December 8, 2010. Petitioner elected not to file a traverse. Upon careful consideration of the record and the applicable law, the undersigned will deny petitioner's application for habeas corpus relief.[1]

/////

/////

---

[1] Both parties have consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). See Doc. Nos. 5 and 16.

I. <u>Jurisdiction and Applicable Standards of Review</u>

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. A federal prisoner challenging the manner, location, or conditions of the execution of a sentence, as petitioner does here, must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000).

A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the petitioner's custodian. <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 446-47 (2004); <u>Brown</u>, 610 F.2d at 677. A failure to name and serve the custodian deprives the Court of personal jurisdiction. <u>Johnson v. Reilly</u>, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, at all pertinent times, petitioner was incarcerated at the Federal Correctional Institution in Herlong, California (hereinafter "Herlong"), which is located within the Eastern District of California. Petitioner has named Richard Ives, the Warden of Herlong, as respondent. Accordingly, this action has been properly filed in this court.

II. <u>Petitioner's Claim</u>

In his petition filed February 12, 2010, petitioner claims that he is entitled to a credit against his federal sentence for the time he spent in state custody from May 15, 1996 through May 13, 1997. (Pet. at 4.) Petitioner states that he was arrested on May 15, 1996 "by federal & state law enforcement authorities" for armed bank robbery. (<u>Id.</u> at 3.) According to petitioner, he was incarcerated in a state-run facility from May 15, 1996 through May 13, 1997,
/////

at which point he was "turned over" to federal authorities for prosecution on the bank robbery charge. (Id.)

In his memorandum in support of his petition, filed on April 19, 2010, petitioner argues that 18 U.S.C. § 3585(b) entitles him to credit towards his federal sentence on his bank robbery conviction for the time he spent in state custody while awaiting prosecution on the bank robbery charge because he "was incarcerated in State Prison for the Precise conduct in which he was Federally indicted." (April 19, 2010 "Johnson's Memorandum In Support of His § 2241" (Doc. No. 7) (hereinafter P&A)), at 2.) Petitioner states that the "presiding judge" recognized that he should receive credit against his federal sentence for the time spent in state prison while awaiting federal prosecution, granted petitioner the time credit, and informed petitioner that "if the B.O.P failed to properly calculate the credit to contact the Court through his attorney or directly." (Id.)[2] Petitioner cites the decision in Willis v. United States, 438 F.2d 923 (5th Cir. 1971) in support of his claim that he is entitled to credit against his federal sentence for the time he spent in state custody from May 15, 1996 through May 13, 1997. (Id. at 2-3.)

III.  Background

On July 28, 1995, petitioner was released on parole from a California state prison after serving a sentence imposed following his conviction for possession for sale of cocaine. (Doc. 22-1 at 7, ¶3, 13.) On May 15, 1996, petitioner was arrested by his state parole agent for a parole violation based upon his commission of a robbery and re-incarcerated in a state facility. (Answer at 3; Doc. 22-1 at 7, ¶4, 12.)

---

[2] Petitioner suggests that the BOP's calculation of his time credits is not consistent with the intent of the U.S. District Judge who sentenced him. However, petitioner has not indicated to this court whether he has sought relief, by way of motion brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure or motion to correct sentence pursuant to 28 U.S.C. § 2255 filed in the U.S. District Court for the Northern District of California where he was prosecuted federally and sentenced . Nor has petitioner provided this court with a transcript of his federal sentencing proceedings. Rather, he has merely submitted a copy of the judgment in which United States District Judge James Ware of the North District of California provided that the federal term imposed "shall run concurrently with any State term that the defendant is currently serving." (Doc. No. 7 at 16 of 20) (emphasis added).

3

On May 13, 1997, petitioner was arrested by the United States Marshal on a charge of armed bank robbery and temporarily removed from state custody pursuant to a writ of habeas corpus ad prosequendum for prosecution in the United States District Court for the Northern District of California. (P&A at 8; Doc. 22-1 at 7, ¶5; Attach. 2, at 1-2.) According to petitioner, two days later, on May 15, 1997, while in federal custody, he was again paroled following his state parole violation. (Doc. 22-1 at 7, ¶6, 16, 20; P&A at 10.)

On April 8, 1998, petitioner appeared in the United States District Court for the Northern District of California and was sentenced to 248 months in federal prison for the bank robbery (count 1) and for use of a firearm in connection with a crime of violence (count 2). (Doc. 22-1 at 26-29.) His federal sentence on count 1 was ordered to run concurrently with any state prison term that petitioner was then concurrently serving. (Id. at 27; P&A at 16.)[3] Petitioner commenced serving his federal sentence on April 8, 1998. (Doc. 22-1 at 37.) He received prior custody credit against his federal sentence from May 16, 1997 (the day following the granting of state parole) through April 7, 1998 (the day before his sentencing on his federal convictions). (Id.)

On October 4, 2007, petitioner filed an administrative appeal requesting that he also receive credit against his federal sentence for the time he spent in state custody from May 15, 1996 through May 13, 1997. (Pet. at consecutive pgs. 4, 7-8.) Petitioner alleged, as he does in the instant petition, that he was arrested on May 15, 1996 "by state & federal law enforcement authorities" for armed bank robbery, was held in state custody until May 13, 1997, and was then "turned over" to federal authorities for federal prosecution on the bank robbery charge. (Id. at 7.) He also explained in the administrative appeal that he was arrested by "Federal agents" and that his state parole officer "was present, but did not participate." (Id. at 11.) He further stated that he was "held in custody by the state parole Department, so that Federal Prosecutors could

---

[3] Because petitioner had been paroled from his state parole violation, he was not then serving a state sentence at the time of his federal sentencing.

4

gather evidence and prepare a case against [him]," and that he was "charged with a parole violation because of that arrest." (Id.)  Petitioner claimed therein that he was "never charged, convicted, or sentenced in state court for a parole violation," but that "at the behest of the federal government, I was held in state custody from May 15, 1996, through May 13, 1997, to allow federal prosecutors to develop and prepare a federal case against me." (Id.)  Petitioner argued in his administrative appeal that May 15, 1996 was his "arresting date for federal charges," and that he was "entitled to federal credit" for the time spent in state custody from the date of his May 15, 1996 arrest (for violating his parole by committing the robbery) until May 13, 1997. (Id. at 10, 11.)

The Warden at petitioner's federal institution of confinement rejected his first level administrative appeal, reasoning, in pertinent part, as follows:

> A review of this matter reveals your jail credit is correctly calculated.  Specifically, your Presentence Report (PSR) states you were arrested by your state parole agent on May 15, 1996, but that other law enforcement officers were involved.  Since you were arrested by a state official, you were in primary custody of the state, even if there were federal law enforcement officers present.  You were paroled by state officials on May 15, 2007, so your federal jail credit earnings were appropriately started on that date.  This is pursuant to 18 U.S.C. 3585(b), which states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence."**  Based on this statute, no further jail credit can be awarded on your federal sentence.  You attach no documentation which supports the award you are requesting.

(Id. at 12.)

Petitioner appealed this decision to the Regional Director of the U.S. Bureau of Prisons. (Id. at 13.)  The Regional Director denied petitioner relief, stating in pertinent part as follows:

/////

5

| | |
|---|---|
| 1 | This is in response to your Regional Administrative Remedy Appeal of the Warden's response dated December 5, 2007. You are requesting the time spent serving your state sentence be applied to your federal term. |
| 2 | |
| 3 | |
| 4 | We have investigated your appeal and agree with the Warden's response. Our records indicate you were arrested on May 15, 1996, by state parole agents in Seaside, California, for parole violation. You were sentenced in state court for a violation of your state parole. On May 13, 1997, you were released to the United States Marshals via a writ of habeas corpus for federal prosecution. While on federal writ you were paroled from your state parole violation on May 15, 1997. You were sentenced in federal court to a term of 188 months on April 8, 1998. The time spent in custody serving your state sentence and the time spent in custody prior to your state sentence being imposed was credited to your state parole violation term. Program Statement 5880.20, Sentence Computation Manual CCAA CN-02 states, "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is be to [sic] served." In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed. |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | Title 18 U.S.C. 3585(b), Credit for Prior Custody, states, "Defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official custody prior to the date the sentence commences . . . that has not been credited against another sentence." You received federal jail credit starting from May 16, 1997, the day after your parole from state completed [sic], until April 7, 1998, the day before your federal sentence was imposed. |
| 15 | |
| 16 | |
| 17 | |
| 18 | Based on the above information, your request for Administrative Remedy is denied. |
| 19 | |
| 20 | (Id. at 13.) |
| 21 | Petitioner appealed the Regional Director's decision to the Administrator of |
| 22 | National Inmate Appeals. (Id. at 14.) The Administrator denied petitioner's appeal, reasoning in |
| 23 | pertinent part as follows: |
| 24 | We reviewed applicable records which showed you were temporarily removed from the custody of the State of California pursuant to a federal writ on May 13, 1997. Two days later, you were paroled by the state. On April 8, 1998, records show you were sentenced to 248 months in federal court. The court ordered |
| 25 | |
| 26 | |

6

> count one to run concurrently with your state sentence. However, the sentence in question had already been satisfied and, in accordance with 18 U.S.C. § 3585(a), your federal sentence commenced on April 8, 1998, the date of its imposition. Finally, on January 8, 1999, the State of California sentenced you to a 7-year term for the new criminal conduct in connection with your instant offense. Although the state court ordered its sentence to run concurrently with your federal sentence, it did not have any effect on the execution of your federal sentence.
>
> Currently, your federal sentence reflects the prior custody from the day following your state parole through the day before your federal sentence was imposed. As you are aware, the application of custody credit is governed by 18 USC § 3585(b), which precludes credit when it has been applied against another sentence. The case law exceptions to this statute do not apply to your case, as the state sentence had already been satisfied as noted above.
>
> To apply the custody credit you requested would be contrary to governing statute and yield you a benefit not provided to any other inmate. This conclusion is also compliant with the directives of Program Statement 5880.28, Sentence Computation Manual (CCCA). You have not demonstrated, or even suggested, that the state did not apply credit against its sentence for time spent in state custody in connection with the state offense.
>
> From our review, we determined your sentence was executed correctly and adjusted with all applicable custody credit. Accordingly, your appeal is denied.

(Id.)

IV. Analysis

Respondent argues that the time petitioner spent in state custody from May 15, 1996 through May 13, 1997 was credited toward his state sentence, thereby making him statutorily ineligible for credit against his federal sentence for that same time period. (Answer at 5.) Respondent notes that petitioner properly received credit against his federal sentence for the time he spent in custody from May 16, 1997, the day after he was released on parole after serving his state sentence of his parole violation, until April 7, 1998, the day before his federal judgment of conviction was imposed and he commenced serving his federal sentence. (Id.) Respondent contends that, "petitioner's argument that he was held pursuant to state law but received no credit is simply contrary to fact, and to grant such credit is contrary to law, given the clear language of

7

the statute which forbids the award of jail credit that was already credited toward another sentence." (Id. at 6.)

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises this authority through the U.S. Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 334-35 (1992). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F. Supp. 368, 370 (E.D.N.Y. 1993). A federal sentence commences "on the date the defendant is received in custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In this regard, the Ninth Circuit has recently joined other circuits in noting that

> courts have interpreted § 3585(a) to mean that a federal sentence cannot begin *before* the defendant has been sentenced in federal court. See United States v. Gonzalez, 192 F.3d 350, 355 (2d Cir. 1999) (holding that a district court cannot "backdate" a federal sentence to the beginning of a state prison term on related state charges.); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")

Schleining v. Thomas, ___F.3d___, 2011 WL 2519548, at *1 (9th Cir. June 27, 2011).

The statute governing credits and the calculation of a federal term of imprisonment provides as follows:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or

/////

/////

/////

>> (2) as a result of any other charge for which the
>> defendant was arrested after the commission of the
>> offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

As set forth above, petitioner commenced serving his federal sentence on April 8, 1998. Prior thereto, from May 15, 1996 through May 13, 1997, he was in state custody serving the state prison sentence imposed in connection with his state parole violation. On May 13, 1997, petitioner was removed to federal court pursuant to a petition for writ of habeas corpus ad prosequendum.[4] On May 15, 1997, petitioner concluded serving the state sentence imposed for his parole violation, and was again released on parole by state authorities. Because petitioner received credit against his state sentence for the period of time he spent in custody from May 15, 1996 through May 15, 1997, he is not statutorily entitled to additional credit against his federal sentence for that same time period. 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337 ("[C]ongress made clear [in 18 U.S.C. § 3585(b)] that a defendant could not receive a double credit for his detention time"); Schleining, 2011 WL 2519548, at *2, n.2 ("Here, however, Schleining's 21-month term in state custody before imposition of his federal sentence *was* credited against his state sentence. Therefore, the BOP would not have been able to credit that time against Schleining's federal sentence[.]"); Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988)

---

[4] Petitioner's removal to federal custody pursuant to the petition for writ of habeas corpus ad prosequendum did not change his status as a state prisoner. Schleining v. Thomas, ___F.3d___, 2011 WL 2519548, at *1, n. 1 (9th Cir. June 27, 2011) ("[T]his court has held that the temporary transfer of a prisoner from state prison to the BOP's custody for purposes of federal prosecution does not interrupt his state custody."); Reynolds v. Thomas, 603 F.3d 1144, 1152, n.8 (9th Cir. 2010) (when a defendant is brought from state custody to appear in federal court pursuant to a writ of habeas corpus ad prosequendum, he is still primarily in state custody and the state's priority of jurisdiction remains uninterrupted); Taylor v. Reno, 164 F.3d 440, 445 (9th Cir. 1998) (transfer to federal court pursuant to a writ of habeas corpus ad prosequendum does not transform a state prisoner into a federal prisoner); Thomas v. Brewer, 923 F.2d 1361, 1365, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.") (quoting Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978)).

(applying the predecessor to 18 U.S.C. § 3585 and concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time"); see also United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

Petitioner does not allege that he failed to receive credit against his state sentence for the time he spent in state custody from May 15, 1996 through May 13, 1997. He could not. For, it is clear that he did receive credit for that time served against his state sentence imposed on his state parole violation. Instead, petitioner is apparently contending that he should receive credit against his federal sentence for the period served in the California State Prison because the bank robbery constituted a violation of federal law and also served as a basis for the revocation of his state parole. In other words, petitioner contends that because his parole violation and sentence imposed thereon stemmed from the bank robbery, his time spent in state custody due to the state parole violation should also be construed as time spent in custody in connection with the federal charge. This contention lacks merit.

The period of confinement served in state custody was predicated upon petitioner's violation of a condition of his state parole, while the federal sentence was imposed for his violation of federal law. The fact that petitioner's commission of a federal crime may have also constituted grounds for his arrest on a state parole violation charge does not mean that his arrest on May 15, 1996 was for a federal offense. Put another way, petitioner was arrested on May 15, 1996 for a state law parole violation, even if that parole violation was based on his commission of a bank robbery in violation of federal law. See Chaplin v. United States, 451 F.2d 179, 181 (5th Cir. 1971) (state parole violation and the sentence relative to it constitute a separate offense from the federal offense, even though petitioner's federal arrest was one reason for revocation of state parole).

Nor was petitioner arrested on the federal bank robbery charge on May 15, 1996, as he claims. Although federal officers may have been present, petitioner was arrested by state authorities on that date for a state parole violation. Petitioner was not arrested for the armed bank robbery in violation of federal law until May 13, 1997. Moreover, he did not commence serving his federal sentence until April 8, 1998. In any event, regardless of whether petitioner's commission of the bank robbery served as the basis for revocation of his state parole, petitioner received credit for all the time he spent in state custody against his sentence on state charges; therefore, under the applicable federal statutes he cannot receive credit against his federal sentence for this same period of time. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337; Schleining, 2011 WL 2519548, at *2, n.2.

Further, petitioner was exclusively in state custody from May 15, 1996 through May 15, 1997. Under these circumstances, petitioner is not entitled to credit against his federal sentence for this time. Brewer, 923 F.2d at 1365 ("the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976) ("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence"). Lastly, the fact that petitioner's federal sentence on count 1 was ordered to run concurrently with any state prison term that petitioner was serving at the time of his sentencing on the federal charge has no bearing on whether he is entitled to the double credit he seeks, because at the time he was sentenced in federal court he had already been paroled from his state sentence and was therefore no longer serving a state sentence.

That leaves petitioner's argument, first raised in his memorandum filed April 19, 2010, that he is entitled to credit on his federal sentence for the time he spent in state custody due to his state parole violation based upon the Fifth Circuit's decision in Willis v. United States. Inexplicably, respondent has not addressed petitioner's argument in this regard. Nonetheless, the undersigned finds it unpersuasive.

As noted above, 18 U.S.C. § 3585(b) does not provide for any exceptions. However, the BOP has adopted a policy of awarding "presentence custody credits already credited to a concurrent state sentence under narrow circumstances where the BOP has determined that the credits will be of 'no benefit' to the federal prisoner." Cruz v. Sanders, No. CV 07-04628-SVW (CT), 2008 WL 5101021, at *2 (C.D. Cal. Dec. 2, 2008). "These credits are called Willis . . . credits and are based on a judicially-created exception to § 3585(b) set forth in . . . Willis v. United States, 438 F.2d 923 (5th Cir. 1971)." Id.[5] The Fifth Circuit's specific concern in Willis was that the defendant in that case had initially spent time in state custody only because he was subject to a federal detainer and therefore should get federal credit for that time. See 438 F.2d at 925 (Where a defendant "was denied release on bail because the federal detainer was lodged against him, then that was time 'spent in custody in connection with the [federal] offense,' . . . since the detainer was issued upon authority of the appellant's federal conviction and sentence."); see also Azure v. Gallegos, 97 Fed. Appx. 240 (10th Cir. 2004). Given that circumstance, the court concluded the petitioner was entitled to federal credit for that time spent in state custody due to the federal detainer which precluded him from being released on bail on the state charges. Willis, 438 F.2d at 925. To be eligible for Willis credits, however, the inmate must be serving a concurrent federal sentence and the inmate must not actually benefit from a credit to his state sentence. Cruz, 2008 WL 5101021, at *2.

Here, petitioner clearly benefitted from a credit applied to his state sentence, and because he did not spend time in state custody in connection with a federal offense, he is not entitled to so-called Willis credits. As noted above, petitioner was released on state parole on May 15, 1997, after serving his time on his parole violation sentence. He was not sentenced in

---

[5] A similar judicially created exception to § 3585(b) was created in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993). In Kayfez, the court was concerned that the petitioner's concurrent non-federal sentence had been vacated, thus destroying all concurrent credit. See Wright v. Hogsten, Civil No. 10-58 GFVT, 2010 WL 1995011, at * 2, n. 1 (E.D. Ky. May 19, 2010). That is clearly not the case here, nor does petitioner so contend.

federal court until April 8, 1998.[6] Thus, by the time his federal sentence was imposed there was no undischarged term of state imprisonment against which his federal sentence could run concurrently because he had already been released to federal custody after serving that state term of incarceration.[7] As one court has observed under somewhat similar circumstances:

> The BOP concluded that Richardson was not eligible for Willis credits because he did not have concurrent state and federal sentences: " Willis . . . does not apply. Released from Texas case prior to federal sentence." (Docket entry # 1 at 14).
>
> The Court agrees. As discussed earlier, Richardson had already been released from the Texas Department of Criminal Justice at the time his federal sentence was imposed. Thus, there was no "undischarged term of [state] imprisonment" against which the federal sentence could run concurrently. Without concurrent state and federal sentences, the Willis exception can not be applied.

Richardson v. Outlaw, No. 2:10-CV-00006 JTR, 2011 WL 671997, at *7 (E.D. Ark. Feb. 17, 2011). See also Rambo v. Hogsten, Civil Action No 10-116-ART, 2010 WL 4791970, at *7 (E.D. Ky. Nov. 17, 2010) ("The BOP then granted Rambo Willis credits for the period from November 14, 2002, to July 1, 2003. [citation omitted] But Rambo is not entitled to prior custody credit for the 412 days from July 2003 to August 18, 2004, because he spent that time serving his state sentence and only his state sentence[.]"); Cox v. Oulaw, No. 2:07CV00131, 2008 WL 62497, at *6, n.7 (E.D. Ark. Jan. 4, 2008) ("In no instance, though, are Willis credits available after the first sentence - be it state or federal - commences.")

---

[6] As also noted above, petitioner does not contest that he received credit on his federal sentence for the time between May 15, 1997 and his federal sentencing on April 8, 1998. Rather, he seeks credit on his federal sentence for the time (between May 15, 1996 and May 13, 1997) that he served in state custody on his state parole violation, long before his federal sentence was imposed.

[7] As noted above, the federal judgment reflects that petitioner's federal term was imposed to "run concurrently with any State term that the defendant is currently serving." (Doc. No. 7 at 16 of 20) (emphasis added). The problem for petitioner is that on April 8, 1998, when he was sentenced in this manner in federal court he had long-since finished serving his state parole violation term and was not then currently serving any State term of imprisonment to which his federal sentence could run concurrently. There being no concurrent terms, petitioner fails to satisfy even the first requirement for entitlement to Willis credits.

CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is denied.

DATED: July 18, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
johnson371.hc